IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

TIMOTHY TERRELL HUDSON, #163400                                              PETITIONER

VERSUS                                                  CIVIL ACTION NO.  3:11-cv-654-DPJ-FKB

STATE OF MISSISSIPPI                                                         RESPONDENT

## ORDER

This matter is before the Court, *sua sponte*, for consideration of dismissal.  Petitioner Timothy Terrell Hudson was an inmate at the Walnut Grove Youth Correctional Facility, Walnut Grove, Mississippi, at the time he filed this petition for habeas corpus relief pursuant to 28 U.S.C. § 2254.[1]

## I. Background

Petitioner states that he pleaded guilty on November 22, 2010, in the Circuit Court of Lincoln County, Mississippi, to two counts of armed robbery, one count of grand larceny, and one count of stolen property.  Pet. [1] at 1.  As a result of pleading guilty, Petitioner received a 20-year sentence in the custody of the Mississippi Department of Corrections.  *Id*.

Petitioner presents the following grounds for habeas relief: (1) ineffective assistance of counsel, including the claim that the trial court did not advise him of his mandatory time; (2) his guilty plea was entered involuntarily; and (3) there were no witnesses present during his preliminary hearing or pre-trial hearing.  *Id*. at 5-9.  Even though, according to the petition [1], Petitioner filed a motion for post-conviction relief in the Circuit Court of Lincoln County, there

---

[1] As discussed in this order, the envelopes [6 & 8] addressed to Petitioner at his last known address, Walnut Grove Youth Correctional Facility, Walnut Grove, Mississippi, have been returned by the postal service as undeliverable stating that he is not at that address.  Having reviewed the record, this Court finds that Petitioner has failed to provide a current address.

was no information in the petition concerning the date of the filing of said motion, the decision rendered by that court, or if Petitioner was denied said motion in the state trial court such that he appealed his claims to the highest state court.

**II. Analysis**

After reviewing Petitioner's application for habeas corpus relief, as well as the record, and applying a liberal construction as required by *Haines v. Kerner*, 404 U.S. 519 (1972), the Court has come to the following conclusions.

Pursuant to 28 U.S.C. § 2254(b)(1), "a defendant must exhaust all claims in state court prior to requesting federal collateral relief." *Smith v. Quarterman*, 515 F.3d 392, 400 (5th Cir. 2008) (citing *Beazley v. Johnson*, 242 F.3d 248, 263 (5th Cir. 2001). In order to meet the exhaustion requirement of 28 U.S.C. § 2254(b)(1), the habeas claim must have been fairly presented to the highest state court. *Morris v. Dretke*, 379 F.3d 199, 204 (5th Cir. 2004) (citing *Mercadel v. Cain*, 179 F.3d 271, 275 (5th Cir. 1999)). As a general matter, a habeas petition is dismissed when the Petitioner has not exhausted his claims in state court. *See Smith,* 515 F.3d at 400 (citing 28 U.S.C. § 2254(b)(1)(A); *Rose v. Lundy*, 455 U.S. 509, 519-20 (1982)).

Under Mississippi law, Petitioner does not have a right to a direct appeal to the Mississippi Supreme Court since he pleaded guilty. Miss. Code Ann. § 99-35-101 (1972). Petitioner does, however, have an available state remedy under the Mississippi Post-Conviction Collateral Relief Act, Mississippi Code Annotated §§ 99-39-1 to -29 (1972). Petitioner has three years after the entry of judgment of the conviction to file a motion under this statute. Miss. Code Ann. §§ 99-39-5(2) (1972) (as amended). Petitioner states that he was convicted on November 22, 2010, so the time period to file such a motion has not expired. Moreover, Petitioner states in his petition [1] that he has filed such a motion with the state trial court. But because the petition

[1] fails to provide necessary information demonstrating that Petitioner exhausted his available state-court remedies by presenting his grounds to the highest state court, this Court on October 24, 2011, entered an order [3] directing him to provide such information. The order also reminded Petitioner "that his failure to fully comply with this order in a timely manner or failure to keep this Court informed of his current address may result in the dismissal of this cause."

When the Petitioner failed to comply with the order [3] entered on October 24, 2011, an order to show cause [5] was entered on November 28, 2011, directing the Petitioner to respond on or before December 13, 2011. According to the docket entries, the envelope [6] containing the order to show cause [5] was returned by the postal service with a notation "return to sender, not at this address, refused, unable to forward." Even though the Petitioner was warned in the order [3] entered on October 24, 2011, and apparently received by the Petitioner (since there was no returned envelope containing that order [3]), that his failure to timely comply with the requirements of the order may result in the dismissal of his case, he has failed to comply with the orders [3 & 5].

Out of an abundance of caution, a second and final order to show cause [7] was entered on December 28, 2011. Once again, the order [7] directed Petitioner, on or before January 18, 2012, to provide additional information concerning the exhaustion of his claims asserted in the habeas petition presently before this Court. The order [7] was mailed to Petitioner at his last known address. But on January 18, 2012, the envelope [8] containing the second and final order to show cause was returned by the postal service with a notation "return to sender - not deliverable as addressed - unable to forward."

As discussed above, Petitioner was given an opportunity to provide information to this Court to establish that he presented his grounds for habeas relief to the highest state court. He

3

failed, however, to comply with the orders of this Court.  Therefore, this Court finds that Petitioner has not exhausted his available state-court remedies through the Mississippi Post-Conviction Collateral Relief Act and, as a result, this Court finds that Petitioner has not met the exhaustion requirement of 28 U.S.C. § 2254(b)(1)(A) and (c).  Consequently, Petitioner's request for habeas relief will be denied for failure to exhaust his state court remedies which are available to him.

### III.  Conclusion

Petitioner's request for habeas relief is dismissed without prejudice based on his failure to exhaust his state court remedies and failure to comply with court orders.

A Final Judgment in accordance with this Order will be issued this date.

**SO ORDERED AND ADJUDGED** this the 26th day of March, 2012.

                                           s/ *Daniel P. Jordan III*
                                           UNITED STATES DISTRICT JUDGE